IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RANDY LAWRENCE                                                                                    PLAINTIFF

v.                                      No. 4:08CV03615 JLH

MORGAN PILE; THE HALL GROUP, INCORPORATED;
HALL TANK COMPANY LLC; and
BROWN & BROWN INSURANCE                                                           DEFENDANTS

**OPINION AND ORDER**

Randy Lawrence brought this action originally against Morgan Pile, Hall Manufacturing, Inc., and Brown & Brown Insurance, alleging negligence, breach of fiduciary duty, and fraud. Through another motion to amend, Lawrence has requested permission to file a second amended complaint (Docket #19). Lawrence's second amended complaint alleges the following: (1) Pile and Brown & Brown violated provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, by engaging in a scheme to defraud that included use of the United States Postal Service and the wires and that affected interstate commerce; and (2) Pile breached his fiduciary duty to Lawrence. Pile and Brown & Brown have filed a motion opposing Lawrence's second motion to amend his complaint (Docket #23). For the following reasons, Lawrence's motion to amend is granted, and Pile and Brown & Brown's motion opposing Lawrence's second amended complaint is denied.

**I.**

Lawrence's original complaint stated that his action was "brought for ERISA," 29 U.S.C. § 1001, *et seq.*, although the complaint made no specific claims pursuant to ERISA (Docket #1). Lawrence then filed an amended complaint (Docket #2), making the same factual allegations and alleging the same legal injuries, but substituting The Hall Group, Incorporated, and Hall Tank

Company LLC in place of Hall Manufacturing, Inc.

Brown & Brown Insurance filed a motion to dismiss the original complaint (Docket #3) and subsequently a motion to dismiss the amended complaint (Docket #8), for the same reasons stated in its initial motion to dismiss. Pile and Brown & Brown argued that the first amended complaint should be dismissed because it failed to state facts necessary to constitute a valid claim; it failed to state a claim upon which relief could be granted; it failed to state the circumstances constituting the alleged fraud with particularity; it failed to join an indispensable party; Lawrence did not have standing to bring an action against Pile or Brown & Brown; and this Court lacked subject matter jurisdiction because Lawrence failed to assert a proper ERISA claim. Separate defendant Morgan Pile also adopted Brown & Brown's motion to dismiss the amended complaint (Docket #9).

Lawrence's second amended complaint makes the following allegations. The first paragraph states that this action is "brought for ERISA, RICO, negligence, breach of fiduciary duty, and actual and constructive fraud." Lawrence was not in fact covered by a long term and short term disability policy, although he and his employer, Hall Manufacturing, Inc., believed that he was covered. Before an ERISA plan was ever created, Morgan Pile, an insurance agent working for Brown & Brown, misrepresented to Hall Manufacturing, Inc., that Lawrence would be covered under the plan, and Pile knew the representations to be false or made them negligently and recklessly. Pile was acting as an agent of Brown & Brown. The defendants[1] knew that Hall Manufacturing, Inc., was the policyholder and intended that it act as their agent in enrolling and advising employees and collecting premiums. Based on the defendants' assertions, Hall Manufacturing, Inc., "unaware of the fraud

---

[1] The second amended complaint does not specifically identify to which defendants it refers in this context.

perpetuated upon it and its employees," then represented to Lawrence that he would be covered under the plan and proceeded to collect premium payments from him. Lawrence became totally disabled but was denied coverage because he was not an eligible employee under the plan. The second amended complaint states that either The Hall Group, Incorporated, or Hall Tank Company, LLC, is the administrator of the plan for which Lawrence believed he was eligible.

Lawrence then asserts three counts in his second amended complaint: RICO, breach of fiduciary duty and fraud by Pile, and breach of fiduciary duty and fraud by The Hall Group, Inc., or Hall Tank Co., LLC. Lawrence appears to be making his allegations in the alternative, that is, that he was deprived of becoming an ERISA plan participant due to Pile's and Brown & Brown's violation of RICO or breach of fiduciary duty and fraud, or, in the alternative, that he was an ERISA plan participant and that he can recover against The Hall Group, Inc., or Hall Tank Co., LLC, for breach of fiduciary duty and fraud. It also appears to the Court that because Lawrence is unsure whether he has asserted a proper ERISA claim or whether his state law claims are preempted by ERISA, he is seeking federal jurisdiction by means of making a RICO charge in his second amended complaint.

With respect to his RICO charge, Lawrence first claims that Pile and Brown & Brown violated 18 U.S.C. § 1962(a), making it unlawful for "any person who has received any income, derived directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income . . . [in the] operation of, any enterprise which is engaged in . . . interstate . . . commerce." 18 U.S.C. § 1962(a). The second amended complaint alleges that Pile and Brown & Brown used money obtained through racketeering activities – defrauding insurance companies and employees like Lawrence – to further an enterprise designed to mimic insurance.

Lawrence also claims that Pile and Brown & Brown violated 18 U.S.C. § 1962(c), making it unlawful "for any person employed by or associated with an enterprise engaged in, or the affairs of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). Lawrence says that Pile intentionally altered insurance applications to conceal the true nature of the employees' work in order to induce the insurance company to issue a policy. As a result, employees paid premiums for coverage that they did not have, and each payment constituted a separate act of mail fraud, as the use of mails and wires was implicated and reasonably foreseeable. Lawrence says that Pile and Brown & Brown associated together to form an ongoing enterprise, each person being separate and apart from the pattern of racketeering activity. Pile and Brown & Brown also engaged in mail and wire fraud by knowingly and intentionally misrepresenting to Lawrence and his employer that the insurance company would pay Lawrence and other employees who performed non-administrative work in the event of a disability.

**II.**

The Court may grant a party leave to amend his pleading, and the Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). A complaint must contain a statement of the ground for federal jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a). The complaint must state each allegation simply, concisely, and directly, and may allege claims in the alternative. Fed. R. Civ. P. 8(d). The Federal Rules of Civil Procedure's notice pleading standards are to be construed liberally. *See, e.g.*, *Flood v. WNC Cloud Merger Sub, Inc.*, No. 07-3019, 2008 WL 912906, at *3 (E.D. Ark. Apr. 3, 2008). A plaintiff need not give specific facts, but rather must only give the defendant fair notice of the claim and its

grounds. *Erickson v. Pardus*, __ U.S. __, __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007)). It is in the Court's sound discretion whether to grant a party's motion to amend his pleading. *Mastec N. Am., Inc. v. Allegiance Communications, LLC*, No. 07-5008, 2008 WL 161348, at *2 (W.D. Ark. Jan. 15, 2008).

In opposition to Lawrence's motion to submit his second amended complaint, Pile and Brown & Brown reassert that Lawrence's previous pleadings created no basis for federal jurisdiction. They contend that Lawrence's RICO charge is merely an attempt to gain federal court jurisdiction. Arguing against the RICO charge, Pile and Brown & Brown state that they have proven without contradiction that Pile did not intentionally alter the application for insurance to conceal the true nature of the work each employee performed in order to induce the insurance company into issuing a policy. They also state that they have shown that the insurer – presumably The Hall Group, Inc., or Hall Tank Co., LLC – was aware of the limitations in coverage based on the type of employee and that Lawrence is asserting his RICO charge on a knowingly false foundation. Pile and Brown & Brown conclude that justice requires denial of Lawrence's request to file his second amended complaint.

There has been no discovery conducted yet in this case. Pile and Brown & Brown claim to have "proven without contradiction that Pile" did not intentionally alter the insurance application. However, a self-serving affidavit from Pile claiming not to have intentionally altered the document is insufficient to preclude Lawrence from alleging that Pile intentionally made the alterations. Furthermore, in ruling on a Rule 12(b)(6) motion to dismiss, the Court considers only the complaint and not evidence offered to show that the allegations in the complaint are false. *See Porous Media*

*Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (stating that in a Rule 12(b)(6) motion to dismiss, "the court generally must ignore materials outside the pleadings, but it may consider . . . materials that are necessarily embraced by the pleadings") (internal citations and quotations omitted). Under the liberal notice pleading standard of the Federal Rules of Civil Procedure, Lawrence's RICO claims against Pile and Brown & Brown have properly asserted grounds for federal jurisdiction, shortly and plainly stated the claims, and demanded relief under RICO. Lawrence is not required in his complaint to prove the allegations he makes. Rather, he is required to make a short and plain statement of justiciable claims over which this Court has jurisdiction. Whether Lawrence's RICO charge is an effort to gain certain federal jurisdiction over a matter that was jurisdictionally uncertain is, in large part, irrelevant. What is relevant is whether Lawrence has, under the confines of the Federal Rules of Civil Procedure, properly asserted a RICO charge against Pile and Brown & Brown such that they are given notice of the claim and its grounds. *See Erickson v. Pardus*, __ U.S. __, __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007)).

      Pile and Brown & Brown, citing to Federal Rule of Civil Procedure 15(a)(2), argue that leave must be denied when justice so requires. However, Rule 15(a)(2) states only that the Court *should* give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). It is within this Court's sound discretion whether to grant Lawrence's motion for leave to amend, and the Court may grant that motion even when justice does not require it to do so. *See Mastec N. Am., Inc. v. Allegiance Communications, LLC*, No. 07-5008, 2008 WL 161348, at *2 (W.D. Ark. Jan. 15, 2008). Pile and Brown & Brown, through their answer and subsequent discovery, will have ample opportunity to make a showing to the Court as to whether Lawrence's RICO claim can be sustained. At this stage,

however, the Court sees no clear reason why Lawrence should not be allowed to file his second amended complaint, including the RICO charge. Lawrence's second amended complaint states grounds for federal jurisdiction under RICO, makes a short and plain statement of his RICO claims against Pile and Brown & Brown such that they will have been given fair notice of the claims against them, and requests proper relief under RICO. Therefore, because Lawrence's second amended complaint asserts a proper RICO charge pursuant to the Federal Rules of Civil Procedure, and because Pile and Brown & Brown are not able at this point in the litigation to prove that Pile did not intentionally alter documents or that the insurer was aware of the coverage limitations, Lawrence's motion for leave to file his second amended complaint is granted.

## CONCLUSION

For the foregoing reasons, Pile and Brown & Brown's opposition to Lawrence's motion to amend is noted, but their request that the Court deny Lawrence's motion to amend is DENIED. Lawrence's motion for leave to amend his complaint and file his second amended complaint is GRANTED. Document #19. Lawrence must file his second amended complaint within five days of entry of this order.

IT IS SO ORDERED this 5th day of January, 2009.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE