**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

RANDY LAWRENCE PLAINTIFF

v. No. 4:08CV03615 JLH

MORGAN PILE; THE HALL GROUP, INCORPORATED;
HALL TANK COMPANY LLC; and
BROWN & BROWN INSURANCE DEFENDANTS

**OPINION AND ORDER**

Randy Lawrence filed his second amended complaint against Morgan Pile, The Hall Group, Inc., Hall Tank Company, LLC, and Brown & Brown Insurance, after being granted leave to do so by this Court. The Court has previously described the factual allegations in Lawrence's second amended complaint in its opinion granting Lawrence's motion for leave to amend his complaint. Lawrence claims that he and his employer, Hall Manufacturing, Inc., believed he was covered by a long-term and short-term disability insurance policy, although he was not so covered. According to Lawrence, Pile either intentionally or negligently misrepresented to Hall Manufacturing the nature and extent of coverage offered under the short-term and long-term disability policies, leading Lawrence to believe that he was covered by those policies. In the alternative, Lawrence asserts that Pile intentionally altered the insurance application to disguise employees' job categories, thus resulting in employees being approved for disability plans for which they were not eligible.

Lawrence makes the following claims: (1) Pile and Brown & Brown violated provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, by engaging in a scheme to defraud that included use of the United States Postal Service and the wires and that affected interstate commerce; (2) Pile breached his fiduciary duty to and perpetrated a fraud against Lawrence; and (3) either The Hall Group, Inc., or Hall Tank Company LLC breached its ERISA

fiduciary duty to and perpetrated a fraud against Lawrence. Pile and Brown & Brown have moved the Court to dismiss Lawrence's second amended complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6), 12(b)(7), and 19(a), and they have asked that the Court rescind or stay the initial scheduling order. Lawrence responded to the motion to stay and motion to dismiss, and Pile and Brown & Brown have replied. For the following reasons, Pile and Brown & Brown's motion to dismiss the claims against them in Lawrence's second amended complaint is granted. Pile and Brown & Brown's motion to stay the initial scheduling order is granted pending a more detailed complaint.

**I.**

Along with their pleadings, Pile and Brown & Brown have submitted evidence outside of the second amended complaint to which they refer to buttress their arguments. If matters outside the pleadings are presented to and not excluded by the court, then a motion to dismiss must be treated as a motion for summary judgment. FED. R. CIV. P. 12(d). However, where the court is able to exclude the outside evidence in making its ruling, the motion to dismiss need not be converted into a motion for summary judgment. *See, e.g., Duffer v. Tyco Int'l Ltd.*, No. 4:07-CV-4070, 2008 WL 4417293, at *2 (W.D. Ark. Sept. 26, 2008) (deciding it was not necessary for the court to consider matters outside the pleadings to resolve the defendant's Rule 12(b)(6) motion to dismiss). Here, the Court need not consider Pile and Brown & Brown's outside evidence or their references to that evidence, as the Court can resolve the defendants' motion to dismiss without going beyond the four corners of the second amended complaint. Although many of the defendants' arguments are based on evidence outside of the second amended complaint, they do present arguments based solely on the text of the second amended complaint. Therefore, the Court declines to convert the defendants'

motion to one for summary judgment and will not consider evidence outside of the second amended complaint.

**II.**

Pile and Brown & Brown argue that Lawrence has failed to state with particularity his claims for breach of fiduciary duty and fraud and that those claims should be dismissed pursuant to Federal Rule of Civil Procedure 9(b). The purpose of the particularity requirement is to allow the defendant "to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920-21 (8th Cir. 2001)). The particularity required by Rule 9(b) "demands a higher degree of notice than that required for other claims. The claim must identify who, what, where, when, and how." *Id.* (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997)). The pleading must discuss "the time, place[,] and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982)). Conclusory allegations of fraud and deception are insufficient. *Id.*

In his second amended complaint, Lawrence alleges that Pile committed two acts of fraud or misrepresentation. First, he alleges that Pile misrepresented to Hall Manufacturing the scope of coverage for the disability policies by falsely stating that the insurance company would pay disability benefits for employees who performed non-administrative work. Lawrence then alleges that Hall Manufacturing, relying on Pile's misrepresentations of disability coverage, represented to Lawrence that he was covered and collected premiums from him.

Lawrence has not alleged this first act of fraud or misrepresentation with sufficient particularity. He does not state when Pile allegedly made the misrepresentation, where Pile made the misrepresentation, or the contents or context of what exactly Lawrence said to Hall Manufacturing that led Hall Manufacturing to believe that non-administrative employees like Lawrence would be covered. *See Schaller Tel. Co.*, 298 F.3d at 746. Without more particularity regarding Pile's alleged misrepresentations to Hall Manufacturing about employee coverage, the Court is unable to determine at this point what exactly Lawrence is alleging that Pile did to defraud Hall Manufacturing or its employees. Without sufficient particularity, Pile and Brown & Brown are unable to respond specifically and quickly to Lawrence's allegation that Pile intentionally or recklessly misrepresented the scope of employee coverage. *See United States ex rel. Costner*, 317 F.3d at 888. As pleaded in the second amended complaint, Lawrence's claim that Pile misrepresented the scope of employee coverage remains conclusory. *See Schaller Tel. Co.*, 298 F.3d at 746.

Furthermore, Arkansas law provides that an insured has a duty to understand his insurance policies and the extent of their coverage. *Phila. Indem. Ins. Co. v. Carco Rentals, Inc.*, 923 F. Supp. 1143, 1154 (W.D. Ark. 1996) ("Arkansas has long adhered to the principle that it is the duty of the insured to educate himself concerning matters of insurance.") (citing *Scott-Huff Ins. Agency v. Sandusky*, 318 Ark. 613, 887 S.W.2d 516 (1994)); *Martin v. Equitable Life Assurance Soc'y of the United States*, 344 Ark. 177, 183, 40 S.W.3d 733, 738 (2001) ("It is the duty of a policy holder to educate himself concerning matters of insurance coverage.") (citing *Howell v. Bullock*, 297 Ark. 552, 554, 764 S.W.2d 422, 424 (1989); *Stokes v. Harrell*, 289 Ark. 179, 181, 711 S.W.2d 755, 756 (1986)). Lawrence's second amended complaint does not state the circumstances of the alleged

fraud with sufficient particularity to show how Hall Manufacturing could have justifiably relied on Pile's misrepresentations. In the absence of the particularity required by Rule 9(b), the Court is unable to determine whether the second amended complaint states a claim upon which relief may be granted.

The second act of fraud alleged by Lawrence is that Pile intentionally altered insurance applications to conceal the true nature of the employees' work in order to induce the insurance company to issue a policy. As a result, Lawrence alleges, employees paid premiums for coverage that they did not have. As with his allegation that Pile misrepresented the scope of employee coverage, Lawrence provides no information as to the what, when, where, and how of Pile's intentional document alteration. *See United States ex rel. Costner*, 317 F.3d at 888. As to the when, Lawrence merely states that Pile intentionally altered the application sometime "within the four years preceding the filing of this complaint." He provides no context or location of the alleged alteration, and he does not state how exactly Pile altered the document or what the document's contents reflected in terms of coverage both before and after the alleged alteration. Rather, Lawrence states in conclusory fashion that Pile altered the insurance application "to conceal the true nature of the work each employee performed." Without more particular allegations as to when Pile allegedly altered the documents, how he altered them, and what changes he made, Pile and Brown & Brown are unable to respond quickly and with specificity to the potentially damaging allegations, and the Court is unable to determine whether the second amended complaint states a claim upon which relief may be granted. Therefore, Lawrence's allegation that Pile intentionally altered the insurance application document fails to meet the specificity requirements of Rule 9(b).

**III.**

Lawrence has also alleged violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. §§ 1962(a) and 1962(c). A RICO plaintiff must show that his injury was caused by reason of some racketeering activity—or RICO predicate acts—rather than other non-RICO related conduct. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496-97, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985). If a plaintiff asserts mail and wire fraud as the predicate acts for a RICO charge, the particularity requirements of Rule 9(b) also apply to the underlying or predicate fraud that the plaintiff claims is the cause of his injury and of the RICO violation. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 919 (8th Cir. 2001) (noting that, where the alleged racketeering activity was based in fraud, the district court "was quite correct" to apply the heightened pleading standard required by Rule 9(b)); *Murr Plumbing, Inc. v. Scherer Bros. Fin. Services,* 48 F.3d 1066, 1069 (8th Cir. 1995) (citing *Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1054 (8th Cir. 1985)).

In this case, Lawrence's allegations of mail and wire fraud are founded on his allegation that Pile intentionally altered the insurance applications to conceal the true nature of the employees' work. Because the predicate offenses for the RICO claim are based on allegations of fraud, they are subject to the particularity requirements of Rule 9(b). As explained above, Lawrence's allegations that Pile intentionally altered the insurance applications do not state what, when, where, and how he altered the insurance application, and thus the second amended complaint fails to state with sufficient particularity the circumstances constituting the alleged fraud. *United States ex rel. Costner*, 317 F.3d at 888; FED. R. CIV. P. 9(b). Because mail and wire fraud—based on Pile's alleged intentional alteration of documents—are the predicate offenses upon which Lawrence's RICO charge is based, and because the second amended complaint fails to state with sufficient particularity the

circumstances constituting that fraud, Lawrence's RICO claims against Pile and Brown & Brown fail to meet the particularity requirements of Rule 9(b).

**CONCLUSION**

Lawrence's two allegations of fraud or misrepresentation—that Pile (1) negligently or recklessly misrepresented the scope of employee coverage or (2) intentionally altered the insurance application document—do not meet the particularity requirements under Rule 9(b). The predicate offenses for Lawrence's RICO claims are mail or wire fraud based on Lawrence's allegation that Pile intentionally altered the insurance application document. Like Lawrence's allegations of common law fraud, his RICO allegations do not satisfy Rule 9(b)'s particularity requirements. Therefore, because Counts I and II of Lawrence's second amended complaint do not state with particularity the circumstances constituting fraud, as required by Rule 9(b), Pile and Brown & Brown's motion to dismiss is GRANTED. Document #27. Counts I and II of the second amended complaint are dismissed without prejudice. If Lawrence wishes to file a third amended complaint alleging the circumstances of the fraud with particularity, he must file a motion for leave to file a third amended complaint, with the proposed third amended complaint attached, within thirty (30) days of the entry of this order. Pile and Brown & Brown's motion to stay the initial scheduling order is GRANTED pending a more detailed complaint from Lawrence. Document #30.

IT IS SO ORDERED this 9th day of February, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE