**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RANDY LAWRENCE                                                                                           PLAINTIFF

v.                                          Case No. 4:08CV03615 JLH

MORGAN PILE; THE HALL GROUP, INCORPORATED;
HALL TANK COMPANY LLC; GE FINANCIAL
ASSURANCE EMPLOYEE SERVICES GROUP;
and BROWN & BROWN INSURANCE                                                            DEFENDANTS

**OPINION AND ORDER**

On March 22, 2009, Randy Lawrence filed his third amended complaint against Morgan Pile; The Hall Group, Inc.; Hall Tank Company, LLC; GE Financial Assurance Employee Services Group ("Genworth"); and Brown & Brown Insurance. The Hall Group and Hall Tank Company (collectively, "Hall") filed a cross-claim against Pile, Brown & Brown, and Genworth. Pile and Brown & Brown have filed motions to dismiss the third amended complaint and the cross-claim. For the following reasons, those motions are denied.

Randy Lawrence initiated this action against Morgan Pile, Hall Manufacturing, Inc. and Brown & Brown Insurance. Lawrence then filed a first amended complaint against Pile, Brown & Brown, The Hall Group, Inc., and Hall Tank Company, LLC, and Hall filed a cross-claim against Pile and Brown & Brown. Pile and Brown & Brown filed motions to dismiss, and Lawrence filed a motion for leave to file a second amended complaint, to which Pile and Brown & Brown objected. In their objection, Pile and Brown & Brown argued that they had proven without contradiction that no fraudulent activity occurred, and thus that the RICO charges alleged in the proposed second amended complaint were baseless. In a January 5, 2009 opinion and order, the Court granted Lawrence's motion to amend and stated the following:

> There has been no discovery conducted yet in this case. Pile and Brown & Brown claim to have "proven without contradiction that Pile" did not intentionally alter the

insurance application. However, a self-serving affidavit from Pile claiming not to have intentionally altered the document is insufficient to preclude Lawrence from alleging that Pile intentionally made the alterations. Furthermore, in ruling on a Rule 12(b)(6) motion to dismiss, the Court considers only the complaint and not evidence offered to show that the allegations in the complaint are false . . . . Under the liberal notice pleading standard of the Federal Rules of Civil Procedure, Lawrence's RICO claims against Pile and Brown & Brown have properly asserted grounds for federal jurisdiction, shortly and plainly stated the claims, and demanded relief under RICO. Lawrence is not required in his complaint to prove the allegations he makes. Rather, he is required to make a short and plain statement of justiciable claims over which this Court has jurisdiction. Whether Lawrence's RICO charge is an effort to gain certain federal jurisdiction over a matter that was jurisdictionally uncertain is, in large part, irrelevant. What is relevant is whether Lawrence has, under the confines of the Federal Rules of Civil Procedure, properly asserted a RICO charge against Pile and Brown & Brown such that they are given notice of the claim and its grounds.

One week after Lawrence filed his second amended complaint, Pile and Brown & Brown filed a motion to dismiss. In that motion, Pile and Brown & Brown argued not that they had proven without contradiction that Lawrence's fraud allegations were untrue, but rather that Lawrence had failed to state with sufficient particularity his fraud and RICO charges. In a February 9, 2009 opinion and order, the Court agreed with Pile and Brown & Brown, and dismissed Lawrence's second amended complaint because he failed to allege fraud with sufficient particularity. The Court thus dismissed Lawrence's fraud and RICO counts without prejudice and stated: "If Lawrence wishes to file a third amended complaint alleging the circumstances of the fraud with particularity, he must file a motion for leave to file a third amended complaint . . . within thirty (30) days of the entry of this order."

Thirty days later, Lawrence filed a motion for leave to file a third amended complaint. Pile and Brown & Brown objected, arguing strenuously that Lawrence failed to cure the deficiencies in his second amended complaint and still did not allege the circumstances of fraud with sufficient specificity. As it did in ruling on the motion to dismiss the second amended complaint, the Court again refused to consider the outside evidence presented by Pile and Brown & Brown in an attempt

2

to convert their motion to dismiss into one for summary judgment. In a March 19, 2009 order, the Court granted Lawrence's motion to amend, stating:

> Although it may be, as Pile and Brown & Brown argue, that there is no merit to the plaintiff's allegations, the issue at this stage is not whether there is merit to those allegations but whether the allegations allege the circumstances of fraud with sufficient specificity to meet the requirements of the Federal Rules of Civil Procedure. The Court has concluded that the third amended complaint alleges the circumstances of fraud with sufficient specificity to meet the requirements of Rule 9 of the Federal Rules of Civil Procedure. Therefore, the motion to amend is GRANTED.

On March 22, 2009, Lawrence filed his third amended complaint, and Hall filed its answer and third amended cross-claim on April 13, 2009. Pile and Brown & Brown filed motions to dismiss the third amended complaint and the cross-claim. Pile and Brown & Brown's argument is the same as their argument in objecting to Lawrence's motion for leave to file the third amended complaint: that Lawrence did not allege the circumstances of fraud with sufficient particularity. The Court has already addressed this argument in its March 19 order, in which the Court stated that it "concluded that the third amended complaint alleges the circumstances of fraud with sufficient specificity to meet the requirements of Rule 9 of the Federal Rules of Civil Procedure."

Pile and Brown & Brown assert that the standard of review is now different from its review of Lawrence's previous motion to amend. Pile and Brown & Brown argue that a motion to amend is reviewed under the more liberal pleading standard of Rule 15, which does not guarantee the complaint's survival under a Rule 12(b)(6) motion. In support, Pile and Brown & Brown point to the Court's handling of the second amended complaint, which the Court allowed Lawrence to file but then later dismissed. However, the Court granted that motion to amend over Pile and Brown & Brown's objection that they had proven without contradiction that no fraudulent activity occurred, noting that the issue was whether Lawrence had properly pled fraud. At that time, Pile and Brown

& Brown did not object on the basis that Lawrence failed to allege fraud with particularity. After the second amended complaint was filed, and after Pile and Brown & Brown moved to dismiss for failure to plead fraud with sufficient particularity, the Court then considered the arguments and held that Lawrence's fraud charges, including RICO, were not pled with sufficient particularity.

With respect to the third amended complaint, the Court has already reviewed the issue of whether Lawrence alleges fraud, including RICO, with sufficient particularity. Although Pile and Brown & Brown assert that the Court should apply a stricter standard of review to their motion to dismiss, the Court would not have allowed the third amended complaint if it would have been subsequently dismissed for failure to plead fraud with sufficient particularity, since doing so would have been futile. *See Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) ("A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Because the Court found that Lawrence had pled fraud with sufficient particularity, the Court concluded that granting leave to amend would not be futile.

For the foregoing reasons, Pile and Brown & Brown's motion to dismiss Lawrence's third amended complaint is DENIED. Document #47. Pile and Brown & Brown's motion to dismiss Hall's cross-claim is also DENIED. Document #53.

IT IS SO ORDERED this 7th day of May, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE