**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RANDY LAWRENCE                                                                                              PLAINTIFF

v.                                                     No. 4:08CV03615 JLH

MORGAN PILE; BROWN & BROWN INSURANCE;
HALL GROUP INCORPORATED; HALL TANK
COMPANY, LLC; and SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.)                                                                        DEFENDANTS

MORGAN PILE and
BROWN & BROWN INSURANCE                                                        THIRD PARTY PLAINTIFFS

v.

SUN LIFE AND HEALTH INSURANCE
COMPANY (U.S.) (formerly GE Group
Life Assurance Company)                                                                   THIRD PARTY DEFENDANT

**OPINION AND ORDER**

The Court has already considered several motions to dismiss and motions for leave to amend. Most recently on May 7, 2009, the Court denied a motion to dismiss the third amended complaint and the crossclaim by Morgan Pile and Brown & Brown Insurance. On June 12, 2009, Randy Lawrence filed his fourth amended complaint against Morgan Pile, the Hall Group, Incorporated, Hall Tank Company, LLC, Sun Life and Health Insurance Company, and Brown & Brown Insurance. Pile and Brown & Brown then filed a crossclaim against Hall Group Incorporated and Hall Tank Company, LLC (hereinafter the "Hall entities") and Sun Life and Health Insurance Company. The next day, the Hall entities filed a crossclaim against Pile, Brown & Brown, and Sun Life.

On June 24, 2009, Sun Life filed a motion to dismiss the third party complaint. On June 24, 2009, the Hall entities filed a motion to dismiss the fourth amended complaint. For the following

reasons, the Hall entities' motion to dismiss the fourth amended complaint is granted, and Sun Life's motion to dismiss the third party complaint is denied.

I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007), the court overruled language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which had said, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 55 U.S. at 555, 127 S. Ct. at 1964-65 (citations omitted). Stated differently the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

**II.**

In its motion to dismiss the third party complaint, Sun Life argues that the third party complaint by Pile and Brown & Brown should be dismissed because the third party plaintiffs lack standing to bring a claim under ERISA against Sun Life. Sun Life says that Pile and Brown & Brown are not participants or beneficiaries of the ERISA plan, nor are they fiduciaries of the plan. Therefore, Sun Life concludes that the third party plaintiffs lack standing to bring a claim against Sun Life under ERISA. Sun Life also argues that insofar as Randy Lawrence fails to state a claim against any of the defendants under ERISA, the third party complaint against Sun Life also fails.[1] In response, Pile and Brown & Brown argue that their third party complaint against Sun Life makes claims not under ERISA, but rather for contribution and indemnity from Sun Life in the event that they are held liable to Lawrence for the allegations made in the fourth amended complaint.

As noted by Pile and Brown & Brown, in a May 7, 2009 opinion and order, the Court considered basically these same arguments made by Pile and Brown & Brown in regard to a motion to dismiss the third amended complaint. In that opinion and order, the Court concluded that Lawrence's third amended complaint alleged fraud, including RICO, with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 9. The Court has also previously considered the issue of whether Lawrence has standing to assert a claim under ERISA, and the Court has stated in its previous orders that the issue at this point in the litigation is not whether Lawrence's

---

[1] In its brief in support, Sun Life makes reference to Lawrence's "Third Amended Complaint." Because Lawrence filed his fourth amended complaint on June 12, 2009, and Sun Life filed its motion to dismiss on June 24, 2009, the Court treats Sun Life's arguments as pertaining to the allegations contained in Lawrence's fourth amended complaint.

claims under ERISA and RICO are valid but whether the complaint meets the pleading standards of the Federal Rules of Civil Procedure.

Under Arkansas law, Pile and Brown & Brown have standing to claim contribution or indemnity from other joint tortfeasors should they be held liable to Lawrence for his claims. *See* ARK. CODE ANN. § 16-61-207. Contrary to Sun Life's characterization of the claims, Pile and Brown & Brown's third party complaint does not make a claim against Sun Life under ERISA, nor does it assert that Pile and Brown & Brown have standing to make an ERISA claim against Sun Life. In their third party complaint, Pile and Brown & Brown are asserting their legal right to pursue indemnity or contribution from an alleged joint tortfeasor should they be held liable to Lawrence. Therefore, because the Court has already ruled on essentially the same ERISA arguments presented by Sun Life, and because the Court has concluded that Lawrence's fourth amended complaint has alleged facts with sufficient particularity to state a claim for fraud or RICO, Pile and Brown & Brown are entitled at this point to assert a claim against alleged joint tortfeasors in the event that they are held liable against Lawrence. Therefore, Sun Life's motion to dismiss the third party complaint by Pile and Brown & Brown is denied.

### III.

The Hall entities have also filed a motion to dismiss Lawrence's fourth amended complaint. The Hall entities argue that Lawrence's only claim against them is a *Varity* claim for breach of an ERISA fiduciary duty, and that the fourth amended complaint fails to allege that the Hall entities knowingly and intentionally engaged in misconduct or deceit, which is an essential requirement of making a *Varity* claim.

4

In response, Lawrence asserts an allegation that he failed to include in the fourth amended complaint.  Lawrence says that ERISA requires the employer to prepare and distribute an employee information booklet which specifically and simply describes the plan's provisions.  Lawrence says that it is unclear whether any such informational booklet was ever distributed by the Hall entities, and that he should therefore be entitled to conduct discovery so as to ascertain whether such a document was developed or distributed.  Lawrence also argues that plan fiduciaries are required to provide employees with a comprehensive explanation of the contents of the plan.  Finally, Lawrence argues that 29 U.S.C. § 1104(a)(1)(A)-(B) does not require intentional misconduct and that the Hall entities can be held liable to Lawrence as the plan administrator since they submitted Lawrence's name for coverage under a plan for which he was not eligible.

Lawrence's fourth amended complaint makes no allegations regarding an employee information booklet which the Hall entities may or may not have compiled and distributed, as allegedly required under ERISA.  In ruling on a Rule 12(b)(6) motion to dismiss, the Court reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Schaaf*, 517 F.3d at 549.  Because Lawrence's fourth amended complaint makes no allegations regarding an employee information booklet, the failure of the Hall entities to provide employees with a comprehensive explanation of the contents of the plan, or a summary plan description, the Court will not consider Lawrence's arguments pertaining to those allegations raised for the first time in his response brief, as they have no bearing on the Court's ruling on the Hall entities' Rule 12(b)(6) motion to dismiss.

Lawrence cites the Court to two cases in support of his contention that 29 U.S.C. § 1104(a)(1)(A)-(B) does not require intentional misconduct: *Drennan v. Gen. Motors Corp.*, 977 F.2d

246, 251 (6th Cir. 1992), and *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 547 (6th Cir. 1999). In *Drennan*, the Sixth Circuit stated that "[m]isleading communications to plan participants regarding plan administration (for example, eligibility under a plan, the extent of benefits under a plan) will support a claim for a breach of fiduciary duty." (quoting *Berlin v. Michigan Bell Tel. Co.*, 858 F.2d 1154, 1163 (6th Cir. 1988)). In *Krohn*, the Sixth Circuit stated that "a fiduciary breaches its duties by materially misleading plan participants, regardless of whether the fiduciary's statements or omissions were made negligently or intentionally." *Krohn*, 173 F.3d at 547 (citing *Berlin*, 858 F.2d at 1163-64); *see also In re AEP ERISA Litigation*, 327 F. Supp. 2d 812, 818-19 (S.D. Ohio 2004) (citing *Krohn*).

Relying on *Drennan* and *Krohn*, Lawrence argues that intentional misconduct is not required to show that an employer breached its ERISA fiduciary duty, and that therefore the Hall entities should essentially be held liable for any misrepresentation of Lawrence's eligibility, whether that representation was done intentionally or not.

In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), the Court said that an employer violates the duty of loyalty owed by an ERISA fiduciary when it participates "knowingly and significantly in deceiving a plan's beneficiaries in order to save the employer money at the beneficiaries' expense." *Varity*, 516 U.S. at 506, 116 S. Ct. at 1074. *Varity* thus followed the general principle of tort law that a fiduciary duty includes a duty of loyalty and that lying to a beneficiary is inconsistent with that duty of loyalty. However, *Varity* did not address the issue of whether an ERISA fiduciary violates its duties if it misleads a beneficiary unknowingly.

In *Christensen v. Qwest Pension Plan*, 462 F.3d 913 (8th Cir. 2006), the employee alleged that the plan administrators breached their ERISA fiduciary duties by providing incorrect pension

benefit estimates. The Eighth Circuit held that the plaintiff's claim that the plan administrators breached their duty of loyalty failed because there was no evidence that the plan administrators "knowingly provided false or materially overstated estimates of his pension benefit." *Christensen*, 462 F.3d at 917. The court stated that a "mistake in the administration of a pension plan is not a violation of the duty of loyalty absent evidence that plan administrators acted in the interests of someone other than participants and beneficiaries." *Id.* at 917-18.

In addition to the duty of loyalty, a fiduciary owes a duty of care. *See Am. Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Soc'y of the United States*, 841 F.2d 658, 662 (5th Cir. 1988) ("ERISA imposes a prudent man standard of care upon anyone acting as a fiduciary with respect to an employee welfare benefit plan as defined in the Act."). *See also* RESTATEMENT (THIRD) OF TRUSTS § 77 (a trustee has a duty to administer the trust as a prudent person). In *Christensen*, the Eighth Circuit noted that the Sixth Circuit in *Krohn* had "suggested a near absolute duty of full and accurate disclosure, or at least a negligence standard of liability." *Christensen*, 462 F.3d at 918. The Eighth Circuit also noted that other circuits "construe the duty of care more narrowly." *Id*. However, the Eighth Circuit did not resolve the issue. Instead, it left undefined "the outer boundary of the duty of care" in the context of an ERISA fiduciary who has unknowingly provided inaccurate information to an ERISA fiduciary. *Id*.

Assuming that an ERISA fiduciary has a duty to act prudently or reasonably in providing information to beneficiaries, Lawrence's fourth amended complaint makes no such allegation. Lawrence's fourth amended complaint does not allege that the Hall entities acted in the interests of someone other than the participants and beneficiaries, that Hall knowingly provided false information or otherwise dealt with him in a dishonest manner, or that Hall failed to act prudently

– which is to say that it fails to allege a breach of the duty of loyalty or the duty of care.  The fourth amended complaint alleges that Hall was deceived by Pile and by Brown & Brown, not that Hall failed to exercise reasonable care and certainly not that Hall acted dishonestly. The fourth amended complaint fails to state a claim against Hall.

## CONCLUSION

For the foregoing reasons, Sun Life and Health Insurance Company's motion to dismiss the third party complaint is DENIED.  Document #69.  The Hall entities' motion to dismiss the fourth amended complaint as to the claims made against them is GRANTED.  Document #72.

IT IS SO ORDERED this 24th day of August, 2009.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE