**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

RANDY LAWRENCE                                                                                          PLAINTIFF

v.                                              Case No. 4:08CV03615 JLH

MORGAN PILE, *et al.*                                                                                  DEFENDANTS

**OPINION AND ORDER**

Pending before the Court is Randy Lawrence's motion to alter or amend the Court's August 24, 2009 order dismissing Lawrence's claim against the Hall entities. In that order, the Court concluded that Lawrence's fourth amended complaint failed to allege that the Hall entities acted in the interests of someone other than the participants and beneficiaries, knowingly provided false information or otherwise dealt with Lawrence in a dishonest manner, or failed to act prudently.[1] Thus the Court found that the fourth amended complaint failed to allege a breach of the duty of loyalty or duty of care and therefore failed to state a claim against Hall.

In his motion to alter or amend, Lawrence argues that the Court failed to address his claim for benefits under paragraph 56. Lawrence says that if the summary plan description and application are held to be plan documents, then he has a viable claim for benefits against the Hall entities. Lawrence asks that the Court allow discovery on whether the summary plan description or the plan application could support his claim for benefits.

On October 19, 2009, the Court held a motion hearing to consider arguments regarding Lawrence's motion to alter or amend. At the hearing, counsel for Lawrence raised a new argument:

---

[1] In his response to the Hall entities' motion to dismiss, Lawrence also argued that the Hall entities failed to distribute a summary plan description as required under ERISA. Because Lawrence made those arguments in his responsive brief, rather than in his fourth amended complaint, the Court chose not to consider them.

that the lack of coverage for Lawrence was due to mutual mistake on the part of Lawrence and the Hall entities. Although the fourth amended complaint and Lawrence's briefs did not specifically allege mutual mistake, Lawrence argued that the complaint could be read as alleging mutual mistake. Lawrence says that paragraphs two and three of his fourth amended complaint in essence allege mutual mistake:

> 2. While employed by the Hall entities, Plaintiff and his employer believed that he was covered under a long term disability and short term disability insurance policy.
>
> 3. Unbeknownst to the Plaintiff or his employer, however, he was not so covered.

Counsel for Lawrence further argued that paragraph 30's request for reformation is thus supported by the allegation of mutual mistake implicit in paragraphs two and three. Counsel for Lawrence concluded that he has adequately pled a claim for reformation of the plan, and therefore his claim for benefits against the Hall entities should not have been dismissed under Rule 12(b)(6).

The Court must consider the following issues: (1) whether Lawrence has standing to seek reformation of the plan; (2) if he has standing, whether reformation is an equitable remedy available under ERISA; (3) whether Lawrence has adequately pled a claim for reformation of the plan; and (4) if Lawrence has pled a claim for reformation, whether dismissal of the Hall entities is still appropriate.

On the first issue, Lawrence has standing to seek reformation of the plan. Lawrence is a third-party beneficiary to the contract for disability insurance negotiated between the Hall entities and Pile and Brown & Brown. Lawrence is also the insured under the plan and paid premiums on the plan. Thus, he has standing to seek reformation of the terms of the plan. *See, e.g.*, *Santucci v.*

*Allstate Life Ins. Co.*, 221 F.3d 1045, 1048 (8th Cir. 2000) ("The right to seek reformation of an insurance policy is not limited to the person or persons named in the policy but may be exercised by a person not so named where reformation is sought to set forth his interest.") (citing 43 Am. Jur. 2d *Insurance* § 374 (1982)); *Farmers and Merchants Bank of Huntsville, Missouri v. St. Paul Surplus Lines Ins. Co.*, 1983 WL 206594, at *7 (E.D. Mo. Aug. 17, 1983); *Willhide v. Keystone Ins. Co.*, 195 F. Supp. 659, 661 (D.C. Pa. 1961). *See also* 27 Richard A. Lord, Williston on Contracts § 70:24 (4th ed. 2009) ("Reformation may be granted at the request of any party to the contract, including an intended beneficiary, or of a party's successor in interest.").

On the second issue, reformation is an equitable remedy available under ERISA. Where a written instrument incorrectly reflects a contract, reformation allows a trial court to revise the terms of the written instrument to reflect the parties' intent. *Wisenhunt v. First State Bank of Conway*, 79 Ark. App. 395, 399, 90 S.W.3d 438, 441 (2002) (citing *Roberson Enterprises, Inc. v. Miller Land & Lumber Co.*, 287 Ark. 422, 700 S.W.2d 57 (1985); *Yeargan v. Bank of Montgomery County*, 268 Ark. 752, 595 S.W.2d 704 (Ark. App. 1980)). Reformation requires clear, convincing, and decisive proof of either mutual mistake or unilateral mistake accompanied by inequitable conduct. *Id.* (citing *Morton v. Park View Apartments*, 315 Ark. 400, 868 S.W.2d 448 (1993)).

The Supreme Court has recognized that Congress intended for federal courts "to develop a federal common law of rights and obligations under ERISA-regulated plans." *Administrative Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Shank* 500 F.3d 834, 837 (8th Cir. 2007) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)). Courts generally adopt federal common law only when necessary to fill gaps left by the express provisions of ERISA and to effectuate the statute's proper purposes. *Id.*

Courts ordinarily enforce the plain language of an ERISA plan and do not apply common law theories to alter the express terms of a written plan. *Id.* (citing *Administrative Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco*, 338 F.3d 680, 692 (7th Cir. 2003); *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997); *Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir. 1992); *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 312 (3d Cir. 1982)).

The Court has not found, and the parties have not cited, any Eighth Circuit cases dealing with whether the equitable relief of reformation is available to a party contesting coverage under an ERISA plan. However, in *Shipley v. Ark. Blue Cross and Blue Shield*, the Eighth Circuit held that "federal common law allows for the equitable rescission of an ERISA-governed insurance policy that is procured through the material misstatements or omissions of the insured." *Shipley v. Ark. Blue Cross and Blue Shield*, 333 F.3d 898, 902 (8th Cir. 2003) (citing *Sec. Life Ins. Co. of Am. v. Meyling*, 146 F.3d 1184, 1191 (9th Cir. 1998); *Davies v. Centennial Life Ins. Co.*, 128 F.3d 934, 943-44 (6th Cir. 1997); *Hauser v. Life Gen. Sec. Ins. Co.*, 56 F.3d 1330, 1333-35 (11th Cir. 1995); *Nash v. Trustees of Boston Univ.*, 946 F.2d 960, 966-67 (1st Cir. 1991)). Although *Shipley* dealt with rescission rather than reformation, the Eighth Circuit quoted favorably from sources allowing application of equitable remedies to ERISA contracts or plans. *Id.* at 903 (citing *Countryside Cas. Co. v. Orr*, 523 F.2d 870, 872 (8th Cir. 1975) ("Under the common law, a material misrepresentation made on an application for an insurance policy and relied upon by the insurance company will void the policy."); Restatement (Second) of Contracts § 164(1) (1981) ("If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient.")). The Eighth Circuit

held that "a misrepresentation as to a material matter made knowingly in an application for an ERISA-governed insurance policy is sufficient to rescind the policy." *Id.*

Several courts have applied or entertained application of reformation to ERISA plans in situations involving fraud or mutual mistake. *See Cross v. Bragg*, 329 Fed. Appx. 443, 454 (4th Cir. 2009) ("In limited circumstances . . . a court is entitled to reform an ERISA plan to correct a mutual mistake or to mitigate a fraud scheme.") (citing *Audio Fidelity Corp. v. Pension Benefit Guar. Corp.*, 624 F.2d 513, 518 (4th Cir. 1980)); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005) (plaintiff failed to allege fraud or mistake as a basis for reformation); *Filipowicz v. Am. Stores Benefits Plans Comm.*, 56 F.3d 807, 814 n.3 (7th Cir. 1995) ("Evidence that the written [ERISA] contract did not conform to the parties' intent would be relevant for a theory of mutual mistake and a request for reformation of the Group Insurance Contract."); *Ramsey v. Colonial Life Ins. Co. of Am.*, 12 F.3d 472, 479-80 (5th Cir. 1994) (where there is a mutual mistake about scope of coverage—a material aspect of the contract—a court can reform the ERISA plan or void the parties' obligations under it) (citing *Audio Fidelity Corp. v. Pension Ben. Guaranty Corp.*, 624 F.2d 513, 518 (4th Cir. 1980) (in interpreting an ERISA-governed pension, "a court of equity can reform a contract to correct a [mutual] mistake")). *But see Cinelli v. Security Pacific Corp.*, 61 F.3d 1437, 1444-45 (9th Cir. 1995) ("[T]he application of the principles of mistake would be inconsistent with ERISA's strong preference for the written terms of the plan and the goal of ERISA to ensure that an employee's rights and obligations can be readily ascertained from the plan documents.").

Although there is no Eighth Circuit precedent regarding reformation of an ERISA plan, the principles announced in *Shipley* can be interpreted as allowing for reformation. That, coupled with

the reasoning of the Fourth, Fifth, and Seventh Circuits cited above, persuades this Court that Lawrence may seek reformation of the ERISA plan under current Eighth Circuit law.

On the third issue, Lawrence has adequately pled a claim for reformation. At the pleading stage, Lawrence is required only to state a claim for reformation, not put on proof of that claim. Although the complaint does not use the words "mutual mistake," the language in paragraphs two and three is sufficient to put the parties on notice of an allegation of mutual mistake or mistake due to fraud. At the motion hearing, counsel for Lawrence said that his argument for reformation was based on the theory of mutual mistake. Lawrence is alleging that he and the Hall entities mutually believed he was covered by the disability insurance policy, and that they were mutually mistaken in that belief. However, their mistaken belief was also the product the allegedly inequitable and fraudulent conduct of Pile and Brown & Brown. Those allegations amount to either mutual mistake or a mistake accompanied by fraud. *See Wisenhunt*, 79 Ark. App. at 399, 90 S.W.3d at 441. Therefore, Lawrence has properly pled a claim for reformation of the ERISA plan.

Having determined that Lawrence has properly pled a claim for reformation of the ERISA plan, the next issue is whether dismissal of the Hall entities is still appropriate. The fourth amended complaint alleges that the Hall entities are plan administrators of the disability plan at issue. The complaint seeks to recover benefits under that plan by reforming the plan's material terms, which reformation is based on allegations of mutual mistake and third-party fraud. Since Lawrence seeks reformation of the plan, and since the Hall entities are alleged to be administrators of the plan, dismissal of the Hall entities would not be proper at this stage.

The Court hereby alters its prior dismissal of Lawrence's claims against the Hall entities. The Hall entities will remain as defendants on plaintiff's claim for reformation. Lawrence's motion to alter or amend is GRANTED. Docket #87.

IT IS SO ORDERED this 27th day of October, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE